William A. Delgado (Bar No. 222666)
wdelgado@willenken.com
Carlos A. Singer (Bar No. 236284)
csinger@willenken.com
WILLENKEN WILSON LOH & DELGADO LLP
707 Wilshire Blvd., Suite 3850
Los Angeles, California 90017
Telephone:  (213) 955-9240
Facsimile:   (213) 955-9250

Attorneys for Defendant
WALGREEN CO.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois corporation,<br><br>                    Defendant. | Case No.: CV13-00631-ODW (SHx)<br><br>**WALGREEN CO.'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned to the Hon. Otis D. Wright II |

COMES NOW Defendant Walgreen Co. ("Walgreen") and for its Answer and Affirmative Defenses to Plaintiff MyMedicalRecords, Inc.'s ("MMR") Complaint hereby states as follows:

1.      Walgreen is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, therefore, denies each and every allegation set forth therein on that basis.

2.      Walgreen admits the allegations in Paragraph 2.

3.      In response to Paragraph 3 of the Complaint, Walgreen admits that the Complaint purports to state a claim for patent infringement but denies any wrongdoing or liability under the patent laws and further denies that Plaintiff is owed any damages thereunder.

4.      In response to Paragraph 4 of the Complaint, Walgreen admits that the Court has jurisdiction over it.  Walgreen denies the remaining allegations in Paragraph 4 of the Complaint.

5.      In response to Paragraph 5 of the Complaint, Walgreen admits that venue is proper in this Court.  Walgreen denies the remaining allegations in Paragraph 5 of the Complaint.

6.      Walgreen is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint and, therefore, denies each and every allegation set forth therein on that basis.

7.      Walgreen is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint and, therefore, denies each and every allegation set forth therein on that basis.

8.      Walgreen is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint and, therefore, denies each and every allegation set forth therein on that basis.

9.      Walgreen is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and,

1  therefore, denies each and every allegation set forth therein on that basis.

2      10.    Walgreen is without sufficient knowledge or information to form a

3  belief as to the truth of the allegations in Paragraph 10 of the Complaint, and,

4  therefore, denies each and every allegation set forth therein on that basis.

5      11.    Walgreen admits that, together with its subsidiaries, it operates the

6  largest drugstore chain in the United States with net sales of $71.6 billion in the

7  fiscal year ended August 31, 2012.  Walgreen admits that as of August 31, 2012, it

8  operated 8,385 locations (including 7,930 drugstores) in 50 states, the District of

9  Columbia, Guam, and Puerto Rico.  Walgreen admits that it provides millions of

10  customers with pharmacy, health and wellbeing solutions.  Walgreen admits that

11  one of its goals is to be the first choice for health and daily living in the

12  communities it serves.   Except as expressly admitted, above, the allegations in

13  Paragraph 11 are denied.

14      12.    Walgreen's public statements speak for themselves.  Consequently,

15  the allegations in Paragraph 12 are denied.

16      13.    Walgreen admits that it offers its customers the ability to manage their

17  medical prescriptions through a secure online account and that said account

18  requires a user name and password.  Walgreen admits that a customer may add

19  family members to the account and manage multiple prescriptions from a single

20  account.  Walgreen denies the remaining allegations in Paragraph 13 of the

21  Complaint.

22      14.    Walgreen admits that a customer may bring a written copy of a

23  prescription and a physician may call in or fax a prescription to a Walgreen

24  pharmacy, and it can be added to the customer's account.  Walgreen denies the

25  remaining allegations in Paragraph 14 of the Complaint.

26      15.    In response to Paragraph 15 of the Complaint, Walgreen incorporates

27  its responses to Paragraphs 1 through 14 of the Complaint as though set forth fully

28  herein.

16.     Walgreen admits that U.S. Patent No. 8,301,466 (the "'466 Patent") (i) was issued by the United States Patent and Trademark Office on October 30, 2012; (ii) is entitled "Method and System for Providing Online Records;" (iii) that Robert H. Lorsch is listed as its inventor; (iv) that MMR is listed as its original assignee; and (v) that it was attached as Exhibit A to the Complaint.  Walgreen denies the remaining allegations of Paragraph 16 of the Complaint.

17.     Walgreen denies the allegations contained in Paragraph 17 of the Complaint.

18.     Walgreen denies the allegations contained in Paragraph 18 of the Complaint.

19.     Walgreen denies the allegations contained in Paragraph 19 of the Complaint.

20.     Walgreen denies the allegations contained in Paragraph 20 of the Complaint.

21.     Walgreen denies the allegations contained in Paragraph 21 of the Complaint.

22.     Walgreen denies the allegations contained in Paragraph 22 of the Complaint.

WHEREFORE, Walgreen denies that Plaintiff is entitled to any of the relief it requests in its Complaint or otherwise and, accordingly, respectfully prays for entry of judgment:

a)      Dismissing Plaintiff's Complaint with prejudice;

b)      Finding that Walgreen has not infringed and is not infringing upon any claim of the '466 Patent;

c)      Finding that each claim of the '466 Patent is unpatentable, invalid, and/or unenforceable;

d)      Enjoining Plaintiff and/or any of its representatives from directly or

1  indirectly asserting infringement, or instituting any further action for infringement

2  of the alleged patent, against Walgreen or any of its representatives;

3      e)      Finding that the case is exceptional for Defendant under 35 U.S.C. §

4  285 and awarding Walgreen its reasonable attorneys' fees, expenses, and costs

5  incurred in connection with this action; and

6      f)      Awarding Walgreen such other and further relief as the Court may

7  deem just and proper under the circumstances.

8                    **AFFIRMATIVE DEFENSES**

9      By asserting the following affirmative defenses, Walgreen does not allege

10  or admit that it has the burden of proof and/or the burden of persuasion with

11  respect to any of these matters.

12                    **First Affirmative Defense**

13      The Complaint fails to state a claim against Walgreen upon which relief can

14  be granted.

15                    **Second Affirmative Defense**

16      Walgreen does not infringe, has not infringed, and does not and has not

17  induced infringement or contributed to the infringement of the one or more claims

18  asserted by Plaintiff of the '466 Patent.

19                    **Third Affirmative Defense**

20      Upon information and belief, Walgreen states that Plaintiff is wholly or

21  partially barred from the relief that it seeks because the claims of the '466 Patent

22  are each invalid for failure to comply with the requirements of the patent laws of

23  the United States, 35 U.S.C. § 100, et seq., including, without limitation, those set

24  forth in 35 U.S.C. §§ 101, 102, 103, and 112.

25                    **Fourth Affirmative Defense**

26      Upon information and belief, Walgreen states that Plaintiff is wholly or

27  partially barred from the relief that it seeks based upon the principles and doctrines

28  of waiver, equitable estoppel, and/or laches.

**Fifth Affirmative Defense**

Upon information and belief, Walgreen states that Plaintiff is precluded and estopped from asserting that Walgreen has infringed upon any of the claims of the '466 Patent by reasons of Plaintiff's (or its representatives') remarks, representations, concessions, amendments, and/or admissions during the patent prosecution proceedings in the U.S. Patent and Trademark Office.

**Sixth Affirmative Defense**

Walgreen has not caused Plaintiff to suffer any damages, and, in any event, Plaintiff's claims for damages are too speculative and are barred and/or must be offset due to its failure to mitigate its alleged damages.

**Seventh Affirmative Defense**

Plaintiff's claims are barred by the doctrine of divided infringement.

**Reservation of Rights**

Walgreen asserts the above defenses based on its present knowledge, which is based on its investigation to date and an absence of discovery. Walgreen's investigation of its defense is ongoing, and Walgreen reserves the right to supplement or amend its Answer and to add defenses that may be supported by facts revealed through discovery and or its investigation.


Dated:  May 3, 2013                    WILLENKEN WILSON LOH &
                                       DELGADO LLP


                                       By: */s/ William A. Delgado*
                                           William A. Delgado
                                           wdelgado@willenken.com
                                           Attorneys for Defendant
                                           WALGREEN CO.

1

## **DEMAND FOR JURY**

2

Walgreen demands a jury trial on all issues so triable.

3

Dated:  May 3, 2013                    WILLENKEN WILSON LOH &

4

DELGADO LLP

5

6

By: */s/ William A. Delgado*

7

William A. Delgado

wdelgado@willenken.com

8

Attorneys for Defendant

WALGREEN CO.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the Electronic Service List for this Case.

Dated:  May 3, 2013                    WILLENKEN WILSON LOH &
                                        DELGADO LLP


                                        By: */s/ William A. Delgado*
                                            William A. Delgado
                                            wdelgado@willenken.com
                                            Attorneys for Defendant
                                            WALGREEN CO.