UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MyMedicalRecords Inc, | ) | Case No. CV 13-00631-ODW(SHx) |
| Plaintiff(s), | ) | |
| | ) | |
| | ) | |
| | ) | |
| vs. | ) | **SCHEDULING AND CASE MANAGEMENT ORDER** |
| | ) | **FOR CASES ASSIGNED TO JUDGE OTIS D. WRIGHT** |
| Walgreen Co, | ) | **II** |
| | ) | |
| Defendant(s). | ) | |
| | ) | |
| _____ | ) | |

This Order is to advise the parties and counsel of the schedule that will govern this case. **THE SCHEDULING CONFERENCE IS VACATED. SEE THE LAST PAGE OF THIS ORDER FOR THE SPECIFIED DATES**. Ordinarily, the dates set forth on the last page are determined after consultation with the parties at the Federal Rule of Civil Procedure 16(b) Scheduling Conference. The dates and requirements are firm. The Court is unlikely to grant continuances, even if stipulated by the parties, unless the parties establish good cause through a concrete showing.

///

///

**IT IS HEREBY ORDERED:**

1. To secure the just, speedy, and inexpensive determination of every action, all counsel are ordered to familiarize themselves with and follow the Federal Rules of Civil Procedure and the Local Rules of the Central District of California. This Court follows these rules and they will govern this litigation.

2. Because this Order in some respects modifies or adds to the Local Rules, counsel are advised to read it carefully. Counsel are advised to pay particular attention to the requirements of the Court with respect to the filing of motions for summary judgment and documents to be submitted at the Final Pretrial Conference and Trial.

3. The attorney attending any proceeding before this court must be an attorney who is thoroughly knowledgeable about the case, responsible for the conduct of the litigation, and who has authority to enter into stipulations and to make admissions regarding all matters that the participants reasonably anticipate may be discussed. Lead counsel who will actually try the case must attend the Pretrial Conference. A party who is not represented must attend all proceedings in person.

4. COURTESY COPIES: Courtesy copies of all electronically filed documents are to be delivered to the courtesy box outside chambers by 3:00 p.m. the following business day. Any original filings (such as under seal documents) are to be filed at the filing window (Clerk's Office, Room G-19), NOT in chambers and NOT in the courtroom.

Courtesy copies DO NOT need to be blue-backed. All courtesy copies of pretrial documents (e.g. witness lists, exhibit lists, pretrial conference orders, jury instructions, etc.) shall be three-hole punched.

5. DISCOVERY CUT-OFF: All discovery shall be completed by the discovery cut-off date specified on the last page of this Order. THIS IS NOT THE DATE BY WHICH DISCOVERY REQUESTS MUST BE SERVED; IT IS THE DATE BY WHICH ALL DISCOVERY IS TO BE COMPLETED.

Any motion challenging the adequacy of responses to discovery must be heard sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted. In an effort to provide further guidance to the parties, the Court notes the following:

a.      **Depositions**: All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition prior to the cut-off date.

b.      **Written Discovery**: All interrogatories, requests for production of documents, and requests for admissions shall be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

c.      **Discovery Motions**: Whenever possible, the Court expects the parties to resolve discovery issues among themselves in a courteous, reasonable and professional manner. The Magistrate Judge assigned to this case will rule on discovery motions. (The Magistrate Judge's initials follow the district judge's initials next to the case number on the first page of this Order.) Counsel are directed to contact the Magistrate Judge's courtroom deputy clerk (CRD) to schedule a hearing on any discovery related matters. Counsel should not deliver courtesy copies of these discovery documents to this court.

d.      **Expert Discovery**: If expert witnesses are to be called at trial, the parties shall designate affirmative experts to be called at trial and provide reports required by Federal Rule of Civil Procedure 26(a)(2)(B) not later than eight weeks prior to the discovery cut-off date. Rebuttal expert witnesses shall be designated and reports provided as required by Rule 26(a)(2)(B) not later than five weeks prior to the discovery cut-off date. Failure to timely comply with deadlines may result in the expert being excluded as a trial witness.

6.      **MOTIONS AND MOTION CUT-OFF DATE**

a.      **General Provisions**: All law and motion matters, except for motions in limine, must be set for hearing (not filing) by the motion cut-off date specified on the last page of this Order. This Court hears motions in civil matters on Mondays, beginning at 1:30 p.m.

The parties must adhere to the requirements of the Local Rules. See Local Rules 7-1 et seq. If any party does not oppose a motion, that party shall submit a written statement that it does not oppose the motion in accordance with Local Rule 7-9. The parties should note that failure to meet

1   the time limits for filing an opposition set forth in Local Rule 7-9 shall be deemed consent to the
2   granting of the motion. *See* Local Rule 7-12.

3        The title page of all motions must state the Pre-Trial Conference date and the Trial date.
4   Counsel must comply with Local Rule 7-3, which requires counsel to engage in a pre-filing conference
5   "to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution."

6        Issues left undetermined after the passage of the motion cut-off date should be listed as
7   issues for trial in the Final Pre-Trial Conference Order.  As an exception to the above, motions in
8   limine dealing with evidentiary matters may be heard pursuant to the schedule specified on the last
9   page of this Order.

10       Ex parte practice is discouraged. *See Mission Power Eng'g v Co. vs . Continental Cas. Co.*, 883
11  F. Supp. 488 (C.D. Cal. 1995).  The Court will require strict adherence to proper ex parte procedures
12  for any ex parte application filed with the Court. *Id.* at 492; *see also* Judge Wright's Standing Order
13  and Local Rule 7-19.

14            b.    **Applications and Stipulations to Extend Time**: Applications to extend the time
15  to file any required document or to continue any hearing, Pre-Trial Conference or Trial date must set
16  forth the following:

17                  (i)    the existing due date or hearing date, as well as the discovery
18                         cut-off date, the Pre-Trial Conference date, and the Trial date;
19                  (ii)   specific, concrete reasons supporting good cause for granting the
20                         extension; and
21                  (iii)  whether there have been prior requests for extensions, and
22                         whether these requests were granted or denied by the Court.

23            c.    **Joinder of Parties and Amendment of Pleadings**:  The deadline for joining
24  parties and amending pleadings is ninety days after the date of this Order. Any motions to join other
25  parties or for leave to amend the pleadings shall be filed within sixty days of the date of this Order
26  so that they can be heard and decided  prior to the deadline.

27       In addition to the requirements of Local Rule 15-1, all motions to amend the pleadings shall:
28  (1) state the effect of the amendment; (2) be serially numbered to differentiate the amendment from

previous amendments; and (3) state the page, line number(s), and wording of any proposed change or addition of material.

The parties shall deliver to Chambers a redlined version of the proposed amended pleading indicating all additions and deletions of material.

d.   **Summary Judgment Motions**: Parties need not wait until the motion cutoff to bring motions for summary judgment or partial summary judgment. However, the court expects that the party moving for summary judgment will provide more than the minimum twenty-eight (28) day notice for motions. Because summary judgment motions are fact-dependent, parties should prepare papers in a fashion that will assist the court in absorbing the mass of facts (*e.g.*, generous use of tabs, tables of contents, headings, indices, etc.). The parties are to comply precisely with Local Rule 56-1 through 56-4. The Court will also require adherence to the following requirements:

(i)   Statement of Uncontroverted Facts and Statement of Genuine Issues of Material Fact:

The Separate Statement of Uncontroverted Facts is to be prepared in a two column format. The left-hand column should set forth the allegedly undisputed fact. The right-hand column should set forth the evidence that supports the factual statement. The factual statements should be set forth in sequentially numbered paragraphs. Each paragraph should contain a narrowly focused statement of fact. Each numbered paragraph should address a single subject in as concise a manner as possible.

The opposing party's Statement of Genuine Issues of Material Fact must be in two columns and track the movant's Separate Statement exactly as prepared. The document must be in two columns; the left-hand column must restate the allegedly undisputed fact, and the right-hand column must indicate either undisputed or disputed. The opposing party may dispute all or only a portion of the statement, but if disputing only a portion, must clearly indicate what part is being disputed. Where the opposing party is disputing the fact in whole or part, the opposing party must, in the right-hand column, label and restate the moving party's evidence in the support of the fact, followed by the opposing party's evidence controverting the fact. Where the opposing party is disputing the fact on the basis of an evidentiary objection, the party must cite the evidence alleged to be

1  objectionable and state the ground of the objection and nothing more. **No argument should be set**
2  **forth in this document.**

3       The opposing party may submit additional material facts that bear on or relate to the issues
4  raised by the movant, which shall follow the format described above for the moving party's Separate
5  Statement.  These additional facts shall follow the movant's facts, shall continue in sequentially
6  numbered paragraphs (i.e. if movant's last statement of fact was set forth in paragraph 30, then the
7  first new fact will be set forth in paragraph 31), and shall set forth in the right-hand column the
8  evidence that supports that statement.

9       The moving party, in its reply, shall respond to the additional facts in the same manner and
10  format that the opposing party is required to adhere to in responding to the Statement of
11  Uncontroverted Facts, as described above.

12            (ii)     Supporting Evidence.  No party should submit any evidence other than
13  the specific items of evidence or testimony necessary to support or controvert a proposed statement
14  of undisputed fact.  Thus, for example, the entire transcripts of depositions and/or entire sets of
15  interrogatory responses should generally not be submitted in support of or in opposition to a motion
16  for summary judgment.

17       Evidence submitted in support of or in opposition to a motion for summary judgment should
18  be submitted either by way of stipulation or as exhibits to a declaration sufficient to authenticate the
19  proffered evidence, and should not be attached to the memorandum of points and authorities.  The
20  Court will accept counsel's authentication of deposition transcripts, written discovery responses, and
21  the receipt of documents in discovery if the fact that the document was in the opponent's possession
22  is of independent significance.  Documentary evidence as to which there is no stipulation regarding
23  foundation must be accompanied by the testimony, either by declaration or properly authenticated
24  deposition transcript, of a witness who can establish its authenticity.

25       All evidence in support of or in opposition to a motion for summary judgment, including
26  declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the
27  page.  If evidence in support of or in opposition to a motion for summary judgment exceeds twenty
28  pages, the evidence must be in a separately bound volume and include a Table of Contents.  If the

supporting evidence exceeds fifty pages, the documents shall be placed in a Slant D-Ring binder with each item of evidence separated by a tab divider on the right side.  All documents contained in the binder should be three-hole-punched.

        (iii)    Objections to Evidence.  If a party disputes a fact based in whole or in part on an evidentiary objection, the ground for the objection, as indicated above, should be stated in the Separate Statement, but not argued in that document.  Evidentiary objections should be addressed in a separate memorandum to be filed with the opposition or reply brief of the party.  This memorandum should be organized **to track the paragraph numbers of the Separate Statement in sequence**. It should identify the specific item of evidence to which objection is made, the ground for the objection, and a very brief argument with citation to authority as to why the objection is well taken.  The following is an example of the format contemplated by the Court:

        Separate Statement Paragraph 1: Objection to the supporting deposition transcript of Jane Smith at 60:1-10 on the grounds that the statement constitutes inadmissible hearsay and no exception is applicable.  To the extent it is offered to prove her state of mind, it is irrelevant since her state of mind is not in issue.  Fed. R. Evid. 801, 802.

**DO NOT SUBMIT BLANKET OR BOILERPLATE OBJECTIONS TO THE OPPONENT'S  STATEMENTS OF UNDISPUTED FACT.  THESE WILL BE DISREGARDED AND OVERRULED.**

        (iv)    The Memorandum of Points and Authorities.

        The movant's memorandum of points and authorities should be in the usual form required under Local Rule 7 and should contain a narrative statement of facts as to those aspects of the case that are before the Court. All facts should be supported with citations to the paragraph number in the Separate Statement that supports the factual assertion.

        Unless the case involves some unusual twist, the motion need only contain a brief statement of the Federal Rule of Civil Procedure 56 standard; the Court is familiar with the Rule and with its interpretation under *Celotex* and its progeny.  If at all possible, the argument should be organized to focus on the pertinent elements of the claim(s) for relief or defense(s) in issue, with the purpose of showing the existence or non-existence of a genuine issue of material fact for trial on that element of the claim or defense.

Likewise, the opposition memorandum of points and authorities should be in the usual form required by Local Rule 7. Where the opposition memorandum sets forth facts, the memorandum should cite to paragraphs in the Separate Statement if they are not in dispute, to the evidence that contravenes the fact where the fact is in dispute, or, if the fact is contravened by an additional fact in the Statement of Genuine Issues of Material Fact, the citation should be to such fact by paragraph number.

(v)     Proposed Statement of Decision.  Each party shall file and serve a Proposed Statement of Decision, which shall contain a statement of the relevant facts and applicable law with citations to case law and the record. The Proposed Statement of Decision shall not exceed five pages and shall be in a form that would be appropriate for the Court to enter as its final order on the motion.

(vi)     Timing. In virtually every case, the Court expects that the moving party will provide more than the minimum twenty-one day notice for such motions. **[NOTE: Parties need not wait until the motion cut-off to bring motions for summary judgment or partial summary judgment. Early completion of non-expert discovery and filing of motions for summary judgment may eliminate or reduce the need for expensive expert depositions that are normally conducted in the last stages of discovery.]**

e.     **Avoid Composite Motions**.  Unless clearly justified under the circumstances of the case, "motions to dismiss or in the alternative for summary adjudication" are discouraged. These composite motions tend to blur the distinctions between the two motions.

f.     **Motions in Limine**.  Before filing any motion in limine, counsel for the parties shall confer pursuant to Local Rule 7-3 in a good faith effort to eliminate the necessity for hearing the motion in limine or to eliminate as many of the disputes as possible.  It shall be the responsibility of counsel for the moving party to arrange for this conference.  The motion papers must include a declaration showing a good faith meet and confer effort. The conference shall take place **in person** within 10 calendar days of service upon opposing counsel of a letter requesting such a conference, but in no event later than twenty-one days before the Pre-Trial Conference.  The conference may

take place by telephone only if both counsel are not located in the same county in the Central District.

If counsel are unable to resolve their differences, they shall prepare a separate, sequentially numbered Motions in Limine for each issue in dispute which contains a clear caption that identifies the moving party and the nature of the dispute (i.e., "Plaintiff's Motion in Limine #1 to exclude the testimony of Defendant's expert"). **Neither party may file more than five (5) Motions in Limine absent leave of Court upon a showing of good cause, and leave of Court will be granted sparingly**. Each Motion in Limine shall contain a clear identification of the testimony, exhibits, or other specific matters alleged to be inadmissible and/or prejudicial and a statement of the specific prejudice that will be suffered by the moving party if the motion is not granted. The identification of the matters in dispute shall be followed by the moving party's contentions and memorandum of points and authorities. The title page of the Motion in Limine must state the Pre-Trial Conference date, hearing date for the motions in limine, and the trial date.

Motions in Limine made for the purpose of precluding the mention or display of inadmissible and/or prejudicial matter in the presence of the jury shall be accompanied by a declaration that includes the following: (1) a clear identification of the specific matter alleged to be inadmissible and/or prejudicial; (2) a representation to the Court that the subject of the motion in limine has been discussed with opposing counsel, and that opposing counsel has either indicated that such matter will be mentioned or displayed in the presence of the jury before it is admitted in evidence or that counsel has refused to stipulate that such matter will not be mentioned or displayed in the presence of the jury unless and until it is admitted in evidence; and (3) a statement of the specific prejudice that will be suffered by the moving party if the motion in limine is not granted. Unless ordered otherwise, the Court will only consider the moving papers and any opposition thereto; no replies are necessary or invited.

All evidence in support of or in opposition to a motion in limine, including declarations and exhibits to declarations, shall be separated by a tab divider on the bottom of the page. If evidence in support of or in opposition to a motion in limine exceeds twenty pages, the evidence must be in a separately bound volume and include a Table of Contents. Though strongly discouraged, if by

1 │ necessity the supporting evidence exceeds fifty pages, the documents shall be placed in a Slant D-Ring
2 │ binder with each item of evidence separated by a tab divider on the right side.   All documents
3 │ contained in the binder should be three-hole-punched.

4 │     Unless otherwise ordered by the Court, motions in limine will be heard on the date specified
5 │ on the last page of this Order.  The moving party shall file with the Court and serve its Motion in
6 │ Limine on the responding party on or before the date for filing of motions in limine indicated in the
7 │ Schedule of Trial and Pre-trial Dates.  The responding party shall then file with the Court and serve
8 │ an opposition to the Motion in Limine on the moving party at least seven (7) days prior to the date
9 │ for the hearing on motions in limine.  Neither party's submissions with respect to a Motion in Limine
10 │ shall exceed eight (8) pages.

11 │     7.   **FINAL PRE-TRIAL CONFERENCE AND LOCAL RULE 16 FILINGS**

12 │     Please read this portion carefully, as there are some differences between the Court's
13 │ requirements and the Local Rules.

14 │     a.   **General Provisions**.

15 │     The Final Pre-Trial Conference ("PTC") will be held on the date specified on the last page of
16 │ this Order, unless the Court expressly waived the PTC at the Scheduling Conference.  (In the rare
17 │ cases where the Court waives a PTC, the parties must follow Local Rule 16-10.)  If adjustments in the
18 │ Court's calendar to accommodate congestion become necessary, the Court may re-schedule the PTC
19 │ instead of the trial date.  Therefore, the parties should assume that if the PTC goes forward, the trial
20 │ will go forward without continuance, although some brief period of trailing may prove necessary.

21 │     The lead trial attorney on behalf of each party shall attend both the PTC and all meetings of
22 │ the parties in preparation for the PTC, unless excused for good cause shown in advance of the PTC.

23 │     A continuance of the PTC at the parties' request or by stipulation is <u>highly unlikely</u>.
24 │ **Specifically, failure to complete discovery is not a ground for continuance**.  In the unlikely event that
25 │ the Court agrees to continue the PTC, the trial date is likely to be delayed as a result.  If a change to
26 │ the trial date is necessitated or likely because of the Court's calendar or otherwise, modifications of
27 │ that date will be discussed at the PTC.

28 │

At the PTC, the parties should be prepared to discuss means of streamlining the trial, including, but not limited to the following: bifurcation; presentation of foundational and non-critical testimony and direct testimony by deposition excerpts; narrative summaries and/or stipulations as to the content of testimony; presentation of testimony on direct examination by affidavit or by declaration subject to cross-examination; and qualification of experts by admitted resumes.  The Court will also discuss settlement.

> ### b. **Final Pretrial Conference Order ("PTCO")**

The proposed PTCO shall be lodged seven calendar days before the PTC.  Adherence to this time requirement is necessary for in-chambers preparation of the matter.  The form of the proposed PTCO shall comply with Appendix A to the Local Rules and the following:

1. Place in "ALL CAPS" and in **bold**" the separately numbered headings for each category in the PTCO (*e.g.*, **"1.  THE PARTIES"** or **"7.  CLAIMS AND DEFENSES OF THE PARTIES"**).

2. Include a table of contents at the beginning.

3. In specifying the surviving pleadings under section 1, state which claims or counterclaims have been dismissed or abandoned, *e.g.*, "Plaintiff's second cause of action for breach of fiduciary duty has been dismissed."  Also, in multiple party cases where not all claims or counterclaims will be prosecuted against all remaining parties on the opposing side, please specify to which party each claim or counterclaim is directed.

4. In specifying the parties' claims and defenses under section 7, each party shall closely follow the examples set forth in Appendix A of the Local Rules.

5. In drafting the PTCO, the court expects that the parties will attempt to to agree on and set forth as many non-contested facts as possible.  The court will usually read the uncontested facts to the jury at the start of trial.  A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase jury understanding of the case.  It is unacceptable for the parties to indicate in the Proposed Pretrial Conference Order that they are not able to stipulate to any facts whatever.

/ / /

6.     In drafting the factual issues in dispute for the PTCO, the parties should attempt to state issues in ultimate fact form, not in the form of evidentiary fact issues. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

7.     Issues of law should state legal issues on which the court will be required to rule during the trial, and should not list ultimate fact issues to be submitted to the trier of fact.

8.     The Court may submit fact issues to the jury in the form of findings on a special verdict. The issues of fact should track the elements of a claim or defense on which the jury will be required to make findings.

9.     If expert witnesses are to be called at trial, each party  must list and identify its respective expert witnesses, both retained and non-retained. Failure of a party to list and identify an expert witness in the PTCO could result in a court order which precludes the party from calling that expert witness at trial.

          c.     **Rule 16 Filings; Memoranda; Witness Lists; Exhibit Lists**.

Unless otherwise indicated, the parties must comply fully with the requirements of Local Rule 16.  See the last page of this Order for applicable dates.

          Memorandum of Contentions of Fact and Law:

Memoranda of Contentions of Fact and Law shall be filed by the date listed in this Scheduling Order, and shall comply with the requirements set forth in Local Rule 16-4.

          Witnesses:

Counsel shall prepare a **joint** list of their witnesses, including a brief summary (two to three paragraphs) of each witness's expected testimony, **what makes the testimony unique** from any other witness testimony, an estimate of the length of time needed for direct examination of each side's own witnesses and an estimate for the cross examination of opposing witnesses, and whether the witness will testify by deposition or in person.  The joint witness list shall be filed at the same time counsel lodge the PTC Order. If a party intends to offer deposition testimony into evidence at trial, the party shall designate the relevant portions of the deposition testimony to be read at trial and advise opposing counsel of same.  Opposing counsel shall then designate any additional portions of

such deposition testimony which counsel intends to offer in evidence. All objections to any such testimony shall be made in writing and filed at the same time counsel lodge the PTC Order so that the Court may consider whether ruling on the objections will facilitate trial or result in the disposition of evidentiary matters that may assist continuing settlement negotiations.

If expert witnesses are to be called at trial, each party shall list and identify their respective expert witnesses. Failure of a party to list and identify an expert witness may preclude a party from calling that expert witness at trial. If expert witnesses are to be called at trial, the parties shall exchange at the PTC short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. Previously prepared and exchanged expert reports shall not substitute for the narrative statements required.

Exhibits:

The parties shall prepare a Pre-Trial Exhibit Stipulation that shall contain each party's numbered list of all trial exhibits, with objections, if any, to each exhibit including the basis of the objection and the offering party's response. All exhibits to which there is no objection shall be deemed admitted. The parties shall stipulate to the authenticity of exhibits whenever possible, and the Pre-Trial Exhibit Stipulation shall identify any exhibits for which authenticity has not been stipulated to and the specific reasons for the party's failure to stipulate.

The Stipulation shall be substantially in the following form:

**Pre-Trial Exhibit Stipulation**

**Plaintiff(s)'/Defendant(s)' Exhibits**

| **Number** | **Description** | **If Objection, State Grounds** | **Response to Objection** |
|------------|-----------------|----------------------------------|---------------------------|

The Pre-Trial Exhibit Stipulation shall be filed at the same time counsel lodge the (Proposed) PTC Order. Failure to comply with this paragraph could be deemed to constitute a waiver of all objections. **Do not submit** blanket or boilerplate objections to the opposing party's exhibits. These will be disregarded and overruled. NOTE: Counsel are instructed not to bring excessive exhibits to trial, but only those exhibits that are reasonably expected to actually be used.

Jury Instructions/Special Verdict Forms

The parties shall make every attempt to agree upon the jury instructions before submitting them to the Court. It is expected that counsel will agree on the substantial majority of jury instructions. This is in addition to the standard cautionary and introductory instructions regarding duties of the jury, the order of the trial, etc. found in Chapters 1, 2 & 3 of the *9th Circuit Manual of Model Jury Instructions*. The court requires little or no assistance in the preparation of these instructions. Counsels' attention should be focused on reaching agreement on the instructions covering the substantive legal issues. It is anticipated that working diligently and cooperatively counsel will be able to reach agreement on the vast majority of the substantive instructions. Judicial involvement will be limited to resolving disputes on only a few instructions on which the parties are unable to agree.

On the date listed in this Scheduling Order, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. Defendant's counsel has the burden of preparing the joint set of jury instructions. At the same time each party shall file its proposed jury instructions which are objected to by any other party, accompanied by points and authorities in support of those instructions.

When the parties disagree on an instruction, the party opposing the instruction must attach a short statement (one to two paragraphs) supporting the objection, and the party submitting the instruction must attach a short reply supporting the instruction. Each statement should be on a separate page and should follow directly after the disputed instruction.

The parties ultimately must submit one document, or if the parties disagree over any proposed jury instructions, three documents. The three documents shall consist of: (1) a set of Joint Proposed Jury Instructions; (2) Plaintiff's Disputed Jury Instructions; and (3) Defendant's Disputed Jury Instructions. Any disputed Jury Instructions shall include the reasons supporting and opposing each disputed instruction in the format set forth in the previous paragraph.

The Court directs counsel to use the instructions from the *Manual of Model Jury Instructions for the Ninth Circuit* where applicable. Where California law is to be applied and the above instructions are not applicable, the Court prefers counsel to use the California Jury Instructions in

CACI. If none of these sources is applicable, counsel are directed to use the instructions in Devitt, Blackmar and Wolff, *Federal Jury Practice and Instructions*.

Modifications of instructions from the foregoing sources (or any other form instructions) must specifically state the modification made to the original form instruction and the authority supporting the modification.

Each requested instruction shall be in the format specified by Local Rule 51-2 and shall be set forth in full; be on a separate page with the caption "COURT'S INSTRUCTION NUMBER ___"; be numbered; cover only one subject or principle of law; not repeat principles of law contained in any other requested instructions; and cite the authority for a source of the requested instruction. In addition to the foregoing, each party shall file with the Courtroom Deputy Clerk (CRD) on the first day of trial a "clean set" of the aforesaid requested duplicate jury instructions. The "clean set" shall not cite the authority for a source of the requested instruction.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

- the number of the instruction;
- a brief title of the instruction;
- the source of the instruction and any relevant case citation; and
- the page number of the instruction.

**EXAMPLE:**

| NO. | TITLE | SOURCE | PAGE NO. |
|-----|-------|--------|----------|
| 5 | Evidence for Limited Purpose | 9th Cir. 1.5 | 9 |

During the trial and again before argument, the Court will meet with counsel and settle the instructions. Strict adherence to time requirements is necessary for the Court to examine the submissions in advance so that there will be no delay in starting the jury trial, or the final instructions to the jury and the closing arguments of counsel.. **Failure of counsel to strictly follow the provisions of this section may subject the non-complying party and/or its attorney to sanctions and SHALL CONSTITUTE A WAIVER OF JURY TRIAL in all civil cases.**

///

Joint Statement of the Case and Requests for Voir Dire

At the PTC, the parties shall file their proposed voir dire questions and their joint Statement of the Case which the Court will read to all prospective jurors prior to the commencement of voir dire. The statement should not be longer than two or three paragraphs, and contain no argument nor an excessive amount of information. The Statement of the Case is merely to advise the prospective jurors of the general nature of the case, i.e. securities law violations, bank robbery, copyright infringement, etc.

The Court conducts voir dire of all prospective jurors. The parties need not submit requests for standard voir dire questions such as education, current occupations, marital status, prior jury service, etc., but should include only proposed questions specifically tailored to the parties and issues of the case.

Trial Exhibits:

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed. R. Civ. P. 16, 26 and the Local Rules. **NOTE**: Counsel are instructed not to bring excessive exhibits to trial, but only those exhibits that will actually be used.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

- The original exhibits with the Court's exhibit tags, which shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag. Exhibit tags can be obtained from the Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, CA 90012.

- One bench book with a copy of each exhibit for use by the Court, tabbed with numbers as described above. (Court's exhibit tags not necessary.)

- Three (3) copies of the exhibit list.

- **Three (3) copies of the witness list**, which shall include the names of the witness in the approximate order in which the they may be called to testify.

- All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial. The exhibits to be so received will be noted on the copies of the exhibit lists.

- Any items that have not been admitted into evidence and are left in the courtroom overnight without prior approval will be discarded.

Real-Time Reporting Requirement

Each party must file with the Court, at the same time counsel lodges the PTCO, a document for the Court Reporter that contains proper names, unusual or scientific terms, or any other foreign or uncommon words that are likely to be used by the parties during the FPTC and the Trial.

### d. **Court Trials**

Declarations of Witness Direct Testimony

Counsel in non-jury trials may submit the direct testimony of their witnesses in writing in a declaration executed under penalty of perjury. These declarations shall be in admissible form with appropriate foundation established for the declarant's statements. Paragraphs in each declaration shall be numbered consecutively to facilitate the identification of paragraphs for evidentiary objections.

Counsel are to exchange and file these declarations with the Court at least eleven calendar days before trial, unless otherwise ordered by the Court. Seven calendar days before trial, counsel may file evidentiary objections to those declarations. Counsel shall prepare a separate document for each declaration for which they have an evidentiary objection in which they shall quote the specific language from the declaration to which they object, followed by the objection and any relevant argument. Counsel shall file any reply or response to the objections by noon on the fourth calendar day before trial. Courtesy copies of the declarations and evidentiary objections shall be deposited in the drop box located in the entrance way to Chambers on the date due. **Do not submit**

17

1  blanket or boilerplate objections to the opposing party's witness declarations. These will be
2  disregarded and overruled.

3      At trial, the Court will rule on the evidentiary objections and, depending upon the ruling, the
4  declarations will be received in evidence, either in whole or in part, or rejected. Counsel will then
5  conduct the cross-examination and re-direct examination at trial.

6      Failure to comply with the literal terms of this Order will result in sanctions or the Court may
7  refuse to allow that witness to testify.

8      <u>Trial Briefs</u>

9      Counsel for each party shall file and serve a trial brief, not to exceed 15 pages in
10 length, at least seven (7) days before the scheduled final pretrial conference.

11     <u>Findings of Fact and Conclusions of Law</u>

12     Counsel for each party shall lodge and serve initial proposed findings of fact and
13 conclusions of law with the trial brief. Counsel shall then:

14     (1) Underline in red the portions which it disputes;

15     (2) Underline in blue the portions which it admits; and

16     (3) Underline in yellow the portions which it does not dispute, but deems irrelevant.

17     Counsel may agree with a part of a finding or conclusion, disagree with a part of it, and/or
18 consider a part of it irrelevant.

19     Two marked copies of opposing counsel's proposed findings of fact and conclusions of law
20 shall be lodged with Court no later than seven (7) days after the final pretrial conference.

21     8.   **SETTLEMENT**

22     This court will not conduct settlement conferences in non-jury cases unless counsel
23 for all parties and their respective clients agree either in writing or on the record. In jury cases, the
24 Court will conduct a settlement conference at the parties' joint request if three conditions exist:

25     (a) The parties are satisfied that the fact issues in the case will be tried by a jury;

26     (b) All significant pre-trial rulings which the Court must make have been made; and

27     (c) The parties desire the Court to conduct the conference, understanding that  if settlement
28     fails, the Court will preside over trial of the case.

1    The parties must file a Status Report regarding settlement at the time they lodge the

2  Proposed Final Pre-Trial Conference Order.  This Report shall not disclose the parties' settlement

3  positions, i.e. the terms of any offers or demands.  It shall merely describe the efforts made by the

4  parties to resolve the dispute informally, i.e. the occasions and dates when the parties participated

5  in mediation or settlement conferences.  The Status report shall also include the name and phone

6  number of the Settlement Officer who assisted the parties with their settlement conference.

7  **Caveat:  If counsel fail to file the required Pre-Trial documents or fail to appear at the Pre-Trial**

8  **Conference and such failure is not otherwise satisfactorily explained to the Court: (a) the cause**

9  **shall stand dismissed for failure to prosecute if such failure occurs on the part of the plaintiff; (b)**

10  **default judgment shall be entered if such failure occurs on the part of the defendant; or (c) the**

11  **Court may take such action as it deems appropriate.**

12

13  Dated: July 2, 2013

14

15

16

17

18                          OTIS D. WRIGHT II
                          United States District Judge
19

20

21

22

23

24

25

26

27

28                    **JUDGE OTIS D. WRIGHT II**


19

U.S. District Judge Otis D. Wright, II
Schedule of Trial and Pretrial Dates

| CASE NO.: | CV 13-00631 |
|---|---|

**PARTIES:**    MyMedicalRecords Inc.
                        -v-
                        Walgreen Co.

**COMPLAINT FILED:**    01/29/13

**Estimated Length of Trial:**    10 Days

| TRIAL TYPE: | Jury |
|---|---|

SETTLEMENT CHOICE:
Magistrate Judge
Attorney Settlement Panel
**Outside ADR**
Judicial Settlement Panel

| DATE | MATTER |
|---|---|
| 08/19/14 | Trial at 9:00 a.m. |
| 08/14/14 | File Final Trial Exhibit Stipulation |
| 08/11/14 | Hearing on Motions in Limine at 2:30 p.m. |
| 07/28/14 | Final Pretrial Conference at 2:30 p.m.<br>Motions in Limine to be Filed<br>Proposed Voir Dire Questions & Agreed-to Statement of Case |
| 07/21/14 | Lodge Pretrial Conference Order & Pretrial Exhibit Stipulation<br>File Trial briefs<br>File Contentions of Fact & Law<br>Exhibit & Witness Lists<br>File Status Report Regarding Settlement<br>File Agreed Upon Set of Instructions & Verdict Forms<br>File Joint Statement Regarding Disputed Instructions, Verdicts, etc... |
| 06/30/14 | Last Day for Hearing Motions |
| 06/23/14 | Last Day to Conduct Settlement Conference |
| 06/02/14 | Last Day to File Dispositive Motions |
| 05/19/14 | (All) Discovery Cut-Off |
| 04/14/14 | Exchange of Rebuttal Expert Witness Reports |
| 03/24/14 | Exchange of Opening Expert Witness Reports by Party With Burden of Proof |
| 28 Days from Claim<br>Construction Order | Advice of Counsel (Patent L.R. 3-7) |

U.S. District Judge Otis D. Wright, II
Schedule of Trial and Pretrial Dates

| | |
|---|---|
| 01/13/14 | Last Day for Claim Construction Hearing (Hearing must be noticed) (Patent L.R. 4-6) |
| 12/30/13 | Claim Construction Reply Brief (Patentee) (Patent L.R. 4-5(c)) |
| 12/23/13 | Claim Construction Responsive Brief (Accused Infringer) (Patent L.R. 4-5(b)) |
| 12/09/13 | Claim Construction Opening Brief (Patentee) (Patent L.R. 4-5(a)) |
| 11/25/13 | Completion of Claim Construction Discovery (Patent L.R. 4-4) |
| 10/28/13 | Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3) |
| 10/07/13 | Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence (Patent L.R. 4-2) |
| 09/30/13 | Last Day to Amend Pleadings or Add Parties |
| 09/16/13 | Simultaneous Exchange of Proposed Terms for Construction (Patent L.R. 4-1) |
| 09/02/13 | Invalidity Contentions and Document Production (Patent L.R. 3-3, 3-4) |
| 07/22/13 | Disclosure of Asserted Claims and Infringement Contentions and Document Production (Patent L.R. 3-1, 3-2) |