O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>　　　　　Plaintiff,<br>　v.<br>WALGREEN CO.,<br>　　　　　Defendant. | Case No. 2:13-cv-00631-ODW(SHx)<br>**ORDER GRANTING MOTION TO STRIKE INVALIDITY CONTENTIONS [28] AND DENYING CROSS-MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS [34]** |

## I.　INTRODUCTION

Two wrongs don't make a right. Yet when Plaintiff MyMedicalRecords, Inc. blew past several deadlines contained in the Court's Scheduling and Case Management Order, Defendant Walgreen Co. did the same. Without seeking a Court order as required by the Patent Local Rules, Walgreens filed an untimely and unauthorized supplement to its invalidity contentions. MyMedicalRecords ("MMR") then moved to strike those additional contentions. Since Walgreens did not timely seek a court order and has not demonstrated good cause for the amendment, the Court **GRANTS** MMR's Motion to Strike and **DENIES** Walgreens' Motion for Leave to Amend.[1]

///

---

[1] After carefully considering the papers filed with respect to these Motions, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

On January 29, 2013, MMR filed suit against Walgreens, alleging that Walgreens infringed MMR's U.S. Patent No. 8,301,466, titled "Method and System for Providing Online Records." (ECF No. 1.) The Court subsequently issued its Patent Standing Order, which adopted and incorporated the Patent Local Rules from the United States District Court for the Northern District of California. (ECF No. 6.)

On July 2, 2013, the Court issued the Scheduling and Case Management Order as required by Federal Rule of Civil Procedure 16(b). (ECF No. 19.) This Order contains a complete schedule of pretrial and trial dates. Specifically, the Court ordered MMR to disclose its asserted claims and infringement contentions by July 22, 2013, and Walgreens to serve its invalidity contentions and related documents by September 2, 2013. The Court also ordered the parties to submit a joint claim-construction and prehearing statement by October 28, 2013.

Walgreens served its invalidity contentions on September 27, 2013, in which it identified eight prior-art references that it contends anticipate or render claim 8 of the '466 Patent obvious. On October 28, 2013, the parties submitted their joint claim-construction and prehearing statement. (ECF No. 26.)

Two days later—on October 30, 2013—Walgreens provided MMR with "Supplemental Invalidity Contentions." (Hatch Decl. ¶ 5, Ex. B.) The document contains 46 new prior-art citations not present in the original invalidity contentions. (*Id.* ¶ 6.) Walgreens also asserted seven new prior-art references: (1) Synchart, (2) HeartRecord, (3) U.S. Patent Application No. 2004/0267572, (4) Personal MD, (5) iHealthRecord.org, (6) U.S. Patent Application No. 2005/0209891, and (7) a portion of the Walgreens.com website from 1999. Finally, Walgreens included new invalidity arguments, including that the '466 Patent is invalid under 35 U.S.C. § 101 for failure to meet the machine-or-transformation test and § 112 for lack of enablement without undue experimentation.

///

Walgreens never moved for a court order permitting it to amend its invalidity contentions, nor did the parties file a stipulation to that effect. On November 18, 2013, MMR moved to strike these supplemental invalidity contentions. (ECF No. 28.) Walgreens timely opposed and ostensibly filed a cross-motion[2] for leave to amend its invalidity contentions. (ECF No. 34.) MMR's Motion to Strike is now before the Court for decision.

### III. LEGAL STANDARD

The Patent Local Rules reflect a more conservative approach to amendment than the liberal policy for amending pleadings under the Federal Rules of Civil Procedure. Patent Local Rule 3-6 permits amendment of invalidity contentions "only by order of the Court upon a timely showing of good cause." Patent L.R. 3-6; *but cf.* Fed. R. Civ. P. 15(a)(2) (permitting leave to amend "when justice so requires").

To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed." *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363 (Fed. Cir. 2006) (affirming the district court's denial of leave to amend infringement contentions where the party seeking to amend had the necessary discovery almost three months before moving for leave to amend). Even if the moving party establishes its diligence, the Court then considers the potential prejudice to the nonmoving party in determining whether to grant leave to amend. *Id.* at 1368.

Patent L.R. 3-6 includes a non-exhaustive list of scenarios that could support a finding of good cause:

   (a) A claim construction by the Court different from that proposed by the party seeking amendment;

---

[2] Walgreens did not file its "motion" as a noticed motion in accordance with the Local Rules. But since the Court finds that the putative motion lacks merit, the Court denies it in substance rather than form.

(b) Recent discovery of material, prior art despite earlier diligent search; and

(c) Recent discovery of nonpublic information about the Accused Instrumentality which was not discovered, despite diligent efforts, before the service of the Infringement Contentions.

## IV.  DISCUSSION

MMR moves to strike Walgreens' second set of invalidity contentions, arguing that Walgreens failed to seek a court order permitting amendment as required by Patent Local Rule 3-6.  MMR also argues that Walgreens has not demonstrated good cause permitting amendment, and any amendment would unduly prejudice MMR. But Walgreens asserts that it timely served its invalidity contentions 45 days after MMR tardily served its infringement contentions and supporting documents.  The Court considers these arguments in turn.

### A. Motion to Strike Invalidity Contentions

It is undisputed that Walgreens never moved the Court for an order permitting it to amend its invalidity contentions.  Patent Local Rule 3-6 specifically provides that amendment of invalidity contentions "may be made only by order of the Court upon a timely showing of good cause."  That Patent Local Rules and this Court's Scheduling and Case Management Order do not provide for a two-step procedure for disclosing invalidity contentions.  Rather, the defendant must disclose its invalidity contentions in one fell swoop.  *See* Patent L.R. 3-3.

The Scheduling Order requires Walgreens to serve its invalidity contentions by September 2, 2013.  (ECF No. 19.)  Walgreens served its first round of invalidity contentions on September 27, 2013—some 25 days late.  Walgreens then purported to supplement its invalidity contentions with additional theories and prior-art references on October 30, 2013—past the schedule set by the Court and without a Court order.

Walgreens contends that it provided both its original and supplemental invalidity contentions within 45 days of receiving MMR's infringement-contention

document production required by Patent Local Rule 3-2. Walgreens thus argues that its supplemental contentions were timely.

But the supplemental contentions were not timely. Patent Local Rule 3-3 provides that a party shall file its invalidity contentions "[n]ot later than 45 days after service upon it of the 'Disclosure of Asserted Claims and Infringement Contentions.'" Walgreens misreads this Rule when it argues that it had 45 days from whenever MMR served its infringement contentions and supporting documents. The 45-day deadline begins to run from service of the infringement contentions under Patent Local Rule 3-1—not the document production supporting this disclosure that is required by Patent Local Rule 3-2. The 45-day limit is also *the maximum time* a party can wait to serve invalidity contentions after receiving invalidity-contention disclosure. It does not supplant the Court's Scheduling and Case Management Order, which set a September 2, 2013 deadline for Walgreens to serve its invalidity contentions.

Walgreens also urges that the parties' counsel stipulated that Walgreens would not have to disclose its invalidity contentions until MMR completed its infringement disclosures under Patent Local Rules 3-1 and 3-2. Walgreens contends that MMR's counsel orally responded that the proposal was "fair" and "reasonable."

Walgreens' stipulation argument fails for several reasons. First, the parties never reduced the stipulation to written form or made it at a deposition or in open court as required by Central District Local Rule 7-1. Second, no one ever filed a stipulation to alter the deadlines with the Court. There was thus no Court order accepting the stipulation. Local Rule 7-1 specifically provides that a stipulation "will not be effective until approved by the judge." Finally, if MMR failed to comply with the Court's Scheduling and Case Management Order, and if that failure impacted Walgreens' ability to comply as well, Walgreens should have moved to compel MMR's disclosures. The Court could have easily remedied the situation at that point.

/ / /

/ / /

The Court finds that Walgreens' supplemental invalidity contentions were both untimely and improperly amended without a court order. The Court consequently **GRANTS** MMR's Motion to Strike.

## B. Motion for Leave to Amend Invalidity Contentions

In its Opposition to MMR's Motion to Strike, Walgreens moves for leave to file its supplemental invalidity contentions. Walgreens argues that it has presented good cause for the amendment for several reasons. Walgreens points out that despite the fact that the Court ordered MMR to disclose its infringement contentions and related documents by July 22, 2013, MMR did not start producing these documents until September 16, 2013. Walgreens contends that it provided its original and supplemental invalidity contentions within 45 days of that date. Defendant asserts that MMR put it in an "untenable situation" of having to review MMR's late disclosures before disclosing its own invalidity contentions. Finally, Walgreens argues that MMR will suffer no prejudice from the amendment. There is still ample time to conduct discovery regarding these contentions, the '466 Patent itself discloses six of the seven new prior-art references, and MMR was already on notice of Walgreens' 46 prior-art citations from its original invalidity contentions.

The Court is not persuaded that Walgreens has demonstrated good cause for amending its invalidity contentions. While the Court is mindful that MMR failed to comport with the Court's Scheduling and Case Management Order, MMR's failure did not excuse Walgreens from timely providing its own invalidity contentions or from seeking a court order permitting amendment. Walgreens could have easily moved to compel MMR's disclosures so that Walgreens could have avoided its "untenable situation." Walgreens would then have had this Court's full panoply of sanctions to ensure that MMR complied with the Scheduling Order and that Walgreens would be able to meet its own deadlines. While the Court does in fact "expect[] the parties to resolve discovery issues by themselves in a courteous, reasonable, and professional manner'" (Opp'n 1 (quoting Patent Standing Order 4)),

1 the Court does not encourage wholesale abandonment of the Scheduling Order just
2 because one party breaches it.

3 As discussed above, Walgreens had to serve its invalidity contentions by
4 September 2, 2013—not simply 45 days after MMR's infringement disclosures.
5 Walgreens' argument to the contrary misapprehends Patent Local Rule 3-3's clear
6 language.

7 It is also rather curious that Walgreens had to even supplement its invalidity
8 contentions in the first place. As MMR points out, six of the prior-art references are
9 cited in the very patent that is the heart of this litigation. And the seventh reference is
10 Walgreens' own website. It is difficult to imagine that Walgreens "recently
11 discovered" its own former webpage and the patent that has been center stage in this
12 lawsuit for some 11 months.

13 While MMR may have been on notice of the prior-art references to which
14 Walgreens' 46 new citations relate, Walgreens' new citations do not comport with
15 Patent Local Rule 3-5. That Rule provides that when a party serves its invalidity
16 contentions, it must also serve a "chart identifying *where specifically* in each alleged
17 item of prior art each limitation of each asserted claim is found." Patent L.R. 3-3(c)
18 (emphasis added). Although MMR had notice of the prior-art references, this notice is
19 not sufficient under Patent Local Rule 3-3(c) with respect to the 46 new citations.
20 Walgreens did not specifically identify where each alleged limitation of each asserted
21 claim is found in the prior-art citations.

22 Walgreens was also not diligent in coming up with its new invalidity arguments
23 under 35 U.S.C. §§ 101 and 112. As MMR points out, Walgreens included these
24 arguments in its Answer to MMR's Complaint. (Answer 5 ("Third Affirmative
25 Defense").) Since Walgreens was aware that it would raise these sections as invalidity
26 defenses in May 2013, it cannot claim it was diligent in asserting them in its second
27 round of invalidity contentions over five months later.
28 / / /

The Court understands that Walgreens wanted to be thorough in preparing its invalidity contentions. But if Walgreens needed more time due to MMR's failure to comport with the case schedule, Walgreens should have addressed that issue first instead of compounding the problem.

## V. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff MyMedicalRecords, Inc.'s Motion to Strike Supplemental Invalidity Contentions (ECF No. 28) and **DENIES** Defendant Walgreen Co.'s Motion for Leave to Amend (ECF No. 34.)

**IT IS SO ORDERED.**

December 23, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**