Randall J. Sunshine (SBN 137363)
    rsunshine@linerlaw.com
Ryan E. Hatch (SBN 235577)
    rhatch@linerlaw.com
LINER LLP
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Ted S. Ward (SBN 143810)
    tward@ward-lawoffice.com
LAW OFFICE OF TED S. WARD
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024.3503
Telephone:  (310) 500-3500
Facsimile:  (310) 500-3501

Attorneys for Plaintiff
MYMEDICALRECORDS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br><br>   Plaintiff,<br><br>   vs.<br><br>WALGREEN CO.,<br><br>   Defendant.<br><br>ALL REMAINING COORDINATED CASES | Case No. 2:13-cv-00631-ODW(SHx)<br>(Related to 13-cv-02538-ODW-SH; 13-cv-03560-ODW-SH; and 13-cv-07285-ODW-SH)<br><br>**NOTICE OF MOTION AND MOTION TO LIMIT PRIOR ART REFERENCES**<br><br>Date:   June 23, 2014<br>Time:   1:30 P.M.<br><br>The Hon. Otis D. Wright, II<br><br>Trial Date:         TBD |

Case No. 2:13-cv-00631-ODW(SHx)
MOTION TO LIMIT PRIOR ART AND STRIKE DEFENDANT'S INVALIDITY CONTENTIONS

**TO THE COURT AND ALL PARTIES AND COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE** that on June 23, 2014, at 1:30 p.m. or as soon thereafter as they may be heard by the Honorable Otis D. Wright, in Courtroom 11 of this Court, Plaintiff, MyMedicalRecords, Inc. ("MMR" or "Plaintiff") will and hereby does move this Court to Limit Prior Art References.

This motion is made following conferences of counsel pursuant to L.R. 7-3 which took place on April 29 and May 8, 2014.

Dated: May 20, 2014

Respectfully submitted,

LINER LLP

By: */s/ Ryan E. Hatch*
Randall J. Sunshine
Ryan E. Hatch
Attorneys for MYMEDICALRECORDS, INC.

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ............................................................................................. 1

II.  STATEMENT OF FACTS ............................................................................... 2

III. LEGAL STANDARD ...................................................................................... 2

    A.  Courts routinely limit excess prior art before and after *Markman* ......... 2

    B.  The Federal Circuit Advisory Council's Model Order provides for limiting excess prior art before and after *Markman* ........................ 4

IV.  ARGUMENT .................................................................................................... 5

    A.  MMR has limited the asserted claims to only 8 claims ......................... 6

    B.  Defendants assertion of prior art references is highly duplicative ......... 7

    C.  Defendants should be limited to twelve prior art references before *Markman* and six references after *Markman* ............................... 9

    D.  MMR is prejudiced by the assertion of duplicative prior art ................ 11

V.   CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Finjan, Inc. v. Websense, Inc.*,
  No. 13-cv-04398 (N.D. Cal., Apr. 23, 2014) ................................................*passim*

*Fujifilm Corp. v. Motorola Mobility LLC*,
  2014 U.S. Dist. LEXIS 15006 (N.D. Cal. Feb. 5, 2014) ......................................... 3

*Global Sessions LP v. Travelocity.com LP*,
  2012 U.S. Dist. LEXIS 189465 (E.D. Tex. Dec. 4, 2012) ...................................... 3

*In re Katz Interactive Call Processing Litigation*,
  639 F.3d 1303 (Fed. Cir. 2011) ........................................................................ 3, 7

*Keranos, LLC v. Silicon Storage Tech., Inc.*,
  2013 U.S. Dist. LEXIS 145194 (E.D. Tex. Aug. 2, 2013) .................................. 3, 5

*Liberty Mutual Insurance Co. v. Progressive Casualty Insurance*,
  Case CBM-2012-00003 (JL) (2012) ....................................................................... 8

*Masimo Corp. v. Philips Electronics*,
  918 F.Supp. 2d 277 (D. Del. 2013) ........................................................................ 3

*Thought, Inc. v. Oracle Corp.*,
  2013 U.S. Dist. LEXIS 147561 (N.D. Cal. Oct. 10, 2013) ..........................*passim*

**Statutes**

35 U.S.C. § 102 .............................................................................................................. 8

**Rules**

PLR 3-6 ........................................................................................................................ 10

**Other Authorities**

Model Order Limiting Excess Patent Claims and Prior Art
  Federal Circuit Advisory Council ...............................................................*passim*

## I. INTRODUCTION

Plaintiff MyMedicalRecords, Inc. ("MMR") has limited its infringement allegations from the outset of this action to only two independent claims and six dependent claims, from the 43 total claims in the asserted patents. Despite that MMR has already significantly limited its infringement allegations, defendants Quest Diagnostics Incorporated, Jardogs, LLC, Allscripts Healthcare Solutions, Inc., and WebMD Health Corp. et al. (collectively, "Defendants") assert an excessive number of prior art references – totaling 34 references asserted against two independent claims.

Defendants' assertions of prior art are highly duplicative and cumulative. They assert 27 different prior art references against a single independent claim. They add an additional seven references against the other asserted independent claim, totaling 34 prior art references against only two independent claims. This is far in excess of the limits typically imposed by Courts, and is a textbook example of the lack of discipline that makes patent litigation expensive and unmanageable. Such tactic improperly functions to "hide the ball" on what references Defendants genuinely intend to rely on for expert reports or at trial, resulting in an asymmetric burden on MMR, which must waste effort analyzing many superfluous prior art references that would not be litigated at trial.

The number of prior art references versus the number of asserted claims is entirely unbalanced. Given that MMR has already significantly limited the asserted claims from the outset of this litigation, Defendants should also limit the number of asserted prior art references to twelve references before *Markman*, and six references after *Markman*. These limits are reasonable in view of existing authority. In this way, both sides share the responsibility of ensuring case manageability, while at the same time reducing prejudice to the other side, as well as burden on the Court, the parties, and ultimately the jury.

## II. STATEMENT OF FACTS

Plaintiff MyMedicalRecords, Inc. ("MMR") has limited its infringement allegations from the outset of this action to only one independent claim per patent – claim 8 of the '466 Patent and claim 1 of the '883 Patent. (*See* First Amended Complaint in *MyMedicalRecords, Inc. v. Quest Diagnostics Inc.*("*Quest*"), Case No. 13-cv-02538-ODW-(SHx), Dkt. 23; Complaint for Patent Infringement in *MyMedicalRecords, Inc. v. WebMD Health Corp., et al.*("*WebMD*"), Case No. 13-cv-07285-ODW-(SHx), Dkt 1; and Second Amended Complaint in *MyMedicalRecords, Inc. v. Jardogs LLC, et al* ("*Jardogs*") Case No. 13-cv-03560-ODW-(SHx), Dkt 55.)  MMR also asserts only six dependent claims out of the two patents, for a total of eight claims from the 43 total claims in the asserted patents.[1]

Despite that MMR's efforts to make this case manageable for the Court and the parties, Defendants have done the opposite in their 727-page disclosure of invalidity contentions. (*See* Defendants' *Invalidity Contentions Pursuant to Patent L.R. 3-3 and 3-4* ("Invalidity Contentions"), attached hereto in the Declaration of Ryan Hatch in Support of Motion to Limit Prior Art References ("Hatch Decl.") at Ex. C.)  Defendants assert that the two asserted independent claims are anticipated by 34 different prior art references.  (*Id.* at 11-13.)   In particular, Defendants assert 27 prior art references against claim 8 of the '466 Patent, and 7 additional prior art references against claim 1 of the '883 patent. (*See* Invalidity Contentions at 11-13; Exhibits A and B.)  While MMR attempted to resolve this issue without burdening the Court, Defendants have refused to limit this excessive number of prior art references.  (Hatch Decl., ¶ 2.)

## III. LEGAL STANDARD

### A. Courts routinely limit excess prior art before and after *Markman*

Courts have broad discretion in administering their cases, including the

---

[1] MMR asserts claims 9-12 of the '466 Patent and claims 2 and 3 of the '883 Patent.

authority to order limits on the number of asserted patent claims and prior art.  *See In re Katz Interactive Call Processing Litigation*, 639 F.3d 1303 (Fed. Cir. 2011) (district courts have "broad discretion" to limit duplicative claims).  In *In re Katz*, the Federal Circuit upheld the District Court's requirement that plaintiff limit the number of asserted claims both before and after discovery. 639 F.3d 1308 (Fed. Cir. 2011).

Following in *In re Katz*, District Courts have routinely ordered parties to limit the number of asserted claims and prior art to better manage the patent cases.  *See, e.g., Finjan, Inc. v. Websense, Inc.*, No. 13-cv-04398, (N.D. Cal., Apr. 23, 2014) (attached hereto as Hatch Decl., Ex. A) (limiting to six prior art references per patent before *Markman* and four references per patent after *Markman*); *Thought, Inc. v. Oracle Corp.*, 2013 U.S. Dist. LEXIS 147561 (N.D. Cal. Oct. 10, 2013) (limiting to an average of approximately seven prior art references per patent before *Markman* and fewer than four references per patent after *Markman*); *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 U.S. Dist. LEXIS 15006 (N.D. Cal. Feb. 5, 2014) (limiting to six prior art references per patent and 20 references total after *Markman*); *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 U.S. Dist. LEXIS 15006, *6 (N.D. Cal. Feb. 5, 2014) (limiting prior art references to six per patent after *Markman*); *Masimo Corp. v. Philips Electronics*, 918 F.Supp. 2d 277 (D. Del. 2013) (limiting to 40 prior art references for nine asserted patents before *Markman*, or an average of about four references per patent); *Keranos, LLC v. Silicon Storage Tech., Inc.*, 2013 U.S. Dist. LEXIS 145194 (E.D. Tex. Aug. 2, 2013) (limiting prior art references to "two or three per claim," and noting that the Court "routinely limits Defendants to two or three prior art references"); *Global Sessions LP v. Travelocity.com LP*, 2012 U.S. Dist. LEXIS 189465 (E.D. Tex. Dec. 4, 2012) (limiting prior art to three references per claim).

For example, in *Finjan v. Websense* (N.D. Cal., 2014), the District Court appointed a Special Master to determine whether the number of claims or the prior

art asserted should be limited.  Citing the Federal Circuit's opinion in *In re Katz*, the Special Master entered a stipulation that the plaintiff limit the number of asserted claims "to promote efficiency for the Parties and Court," and that the defendant also limit "the number of prior art references Defendant may assert to support invalidity defenses pursuant to 35 U.S.C. §§ 102 and 103 to promote efficiency for the Parties and Court."  *Finjan*, No. 13-cv-049398 (N.D. Cal.), *see* Hatch Decl., Ex. A at 2-3.  The defendants agreed to select no more than six anticipatory references and no more than four obviousness combinations per patent-in-suit, before *Markman*, and to limit the prior art to no more than four anticipatory references and two obviousness combinations per patent-in-suit after *Markman*.  *Id.* at 3.  The plaintiff agreed to limit its asserted patent claims to no more than 25 claims total across all patents before *Markman*, and four claims per patent (or 20 total) after *Markman*. *Id.*

Similarly, in *Thought v. Oracle*, 2013 U.S. Dist. LEXIS 147561 at *9 (N.D. Cal., 2013), the court imposed limits on the number of asserted claims and prior art, both before and after *Markman*.  The court limited the defendant to a maximum of 50 prior art references before *Markman* and 25 prior art references after *Markman*, where the plaintiff asserted seven patents and 32 claims.  *Id.* at *9.   This amounts to an average of approximately 1.5 prior art references per claim before *Markman*, and fewer than four prior art references per patent after *Markman*.

### B. The Federal Circuit Advisory Council's Model Order provides for limiting excess prior art before and after *Markman*

In 2013, the Federal Circuit Advisory Council released a Model Order Limiting Excess Claims and Prior Art (the "Model Order"), for use by District Courts.  (*See* Model Order, attached hereto as Hatch Decl., Ex. B.)  The Model Order provides guidelines for limiting asserted claims and prior art.[2]  The Model

---

[2] The Model Order was removed from the Federal Circuit website on July 26, 2013 with a notice that the Court "has not sponsored or endorsed the orders," and that

4                           Case No. 2:13-cv-00631-ODW(SHx)
MOTION TO LIMIT PRIOR ART AND STRIKE INVALIDITY CONTENTIONS

Order refers to a "consensus that the numbers of asserted claims, claim terms, and prior art references in patent cases are often problematically excessive." *Id.* at 1. It highlights the problem of "superfluous claims and prior art," which can function to "hide the ball" and result in an "asymmetric burden on the responding party (and the trial court) because the asserting party often has a better sense of which issues it will ultimately pursue." *Id.* The committee found that these excess issues inflate litigation costs and unnecessarily burden the judiciary. *Id.* at 2. Focusing patent cases on the core issues will "reduce the burden on the courts" and "improve the quality of the adjudicatory process for all." *Id.* The Model Order notes that "[m]any courts have issued orders limiting the number of claims and prior art references in patent cases on an ad hoc basis," and that it is "surprising that many courts do not issue such orders more routinely." *Id.*

While the Model Order provides that defendants limit prior art to twelve references per patent before *Markman* and six references per patent after *Markman*, it particularly notes that "limits lower than those set forth" by default may be appropriate based on factors including the "commonality among asserted patents" and "the complexity of the patent claims." *Id.* at fn 1.

## IV. ARGUMENT

Among the 34 prior art references asserted against two independent claims (and 6 dependent claims), most of them are duplicative and cumulative. Such a high number of prior art references in a case involving merely two asserted patents (with

---

"the advisory council should not be viewed as having sponsored or endorsed these orders on behalf of the court." *See* http://www.cafc.uscourts.gov/images/model_orders.pdf. Nonetheless, the Model Order is persuasive and has been cited as authority in opinions limiting prior art. *See, e.g., Keranos,* 2013 U.S. Dist. LEXIS 145194 at 16-17 (E.D. Tex. 2013) (noting that the Court "routinely limits Defendants to two or three prior art references," and that the "model order requires the parties to pare down the number of asserted claims and prior art references in two stages: prior to claim construction and again after claim construction").

eight asserted claims) clearly exceeds reasonable limits typically imposed by courts. By doing so, Defendants attempted to "hide the ball" on what references they intend to rely on for expert reports or at trial, a practice strongly disapproved by not only the Federal Circuit Advisory Council, but also many District Courts.

Accordingly, in light of the low number of patents and claims asserted in this case, Defendants should limit the number of asserted prior art references to twelve references before *Markman*, and six references after *Markman*. In this way, both sides share the responsibility of ensuring case manageability, while at the same time reducing prejudice to the other side, and the burden on the Court, the parties, and ultimately the jury.

### A. MMR has limited the asserted claims to only two independent claims and six dependent claims

From the outset of this case, MMR has limited its infringement allegations to only eight claims, from among 43 total claims in the two patents-in-suit. MMR asserts only five claims from the '466 Patent, and three claims from the '883 Patent.

MMR already asserts *fewer* claims than the maximums permitted under the Model Order and other cases where defendants were ordered to limit their claims and prior art references. For example, the Model Order limits the plaintiff to 10 claims per patent, or 32 total claims, before *Markman*. In *Finjan* and *Thought*, the court limited the plaintiff to 25 claims total or five claims per patent, or 32 claims total, before *Markman*, respectively. These exemplary limits are shown in the table below.

Table 1: Exemplary limits on asserted claims and prior art.

| Case | Number of Asserted Patents | Limit on Asserted Claims | | Limit on Prior Art | |
| --- | --- | --- | --- | --- | --- |
| | | Before *Markman* | After *Markman* | Before *Markman* | After *Markman* |
| Model Order | 2 or more | 10 / patent, 32 max | 5 / patent, 16 max | 12 / patent, 40 max | 6 / patent, 20 max |
| *Finjan v. Websense* | 4 | 5 / patent, 25 max | 4 / patent, 20 max | 6 references | 4 references |
| *Thought v. Oracle* | 7 | 32 total | 5 / patent, 16 max | 18 / patent, 50 max | 9 / patent, 25 max |
| MMR cases | 2 | 5 / patent, 8 max | 5 / patent, 8 max | Currently Unlimited (34 asserted) | Currently Unlimited (34 asserted) |

Despite that MMR has already voluntarily limited its case to only eight claims total, with a maximum of five claims per patent, Defendants have steadfastly refused to limit their prior art references at all, and continue to assert 34 references. (Invalidity Contentions at 11-13; Hatch Decl., ¶ 5.)

### B. Defendants' assertion of prior art references is highly duplicative

A primary concern in considering whether limiting a party's claims promotes fairness and efficiency is the level of duplication in the claims. *In re Katz*, 639 F.3d at 1312 (Fed. Cir. 2011) (upholding the District Court's due process analysis, which was based on the "initial determination that the asserted patents contained many duplicative claims.") When a plaintiff asserts patents having many duplicative claims, it is fair to require limiting the asserted claims, to streamline the case and make it more efficient for the parties and the court. *Id*. A similar principle applies to require defendants to limit the assertion many duplicative prior art references, as asserting superfluous prior art can function to "hide the ball" and inflate litigation

costs, since "each unnecessary claim and prior art reference must be analyzed and charted, among a myriad of other unnecessary case management tasks that follow."[3] (Model Order at 1-2.)

Here, the Defendants' Invalidity Contentions are highly duplicative. Defendants assert 27 different, but similar prior art references against a single claim - independent claim 8 of the '466 Patent – to argue that each and any of these 27 prior art may anticipate this claim under 35 U.S.C. § 102. (Invalidity Contentions at 11-13.) Indeed, assertion of 27 anticipation references against a *single claim* is a textbook example of the "[l]ack of discipline by the asserting party in preparing its case" that makes patent litigation expensive and unmanageable, not to mention that it functions to "hide the ball" on what references Defendants truly intend to rely on for expert reports and at trial. (Model Order at 1-2.) Thus, Courts routinely limit defendants to 4 or 5 referenced per *patent*, since this is more than sufficient to allege anticipation and even obviousness. (*See Table 1, supra*).

Defendants also assert 7 additional prior art references to argue that the other independent claim – claim 1 of the '883 Patent – is anticipated. (*Id.* at 13.) Defendants' assertion of 34 references combined against only 2 independent claims is highly duplicative, and should be limited.[4]

---

[3] In an analogous situation, the U.S. Patent and Trademark Office ("PTO") prohibits making redundant invalidity arguments in covered business method patent review, where a petitioner asserts "myriad references [that] provide essentially the same teaching to meet the same claim limitation." *Liberty Mutual Insurance Co. v. Progressive Casualty Insurance*, Case CBM-2012-00003 (JL) (2012). The PTO has prohibited this practice, ruling that "multiple grounds, which are presented in a redundant manner by a petitioner who makes no meaningful distinction between them, are contrary to the regulatory and statutory mandates, and therefore are not all entitled to consideration." *Id.*

[4] Defendants assert the same prior art references against the dependent claims as they already assert against the independent claims. (*Id.* at 11-13.) Thus, under Defendants' own arguments, the six dependent claims do not require *any* additional prior art references beyond what is required for the two independent claims.

## C. Defendants should be limited to twelve prior art references before *Markman* and six references after *Markman*

Defendants should be limited to a reasonable number of prior art references, correlated to the number of asserted patents and claims. In *Thought*, the Court limited defendants to 50 prior art references before *Markman* where seven patents and 32 claims are at issue, which averages to approximately 1.5 references per asserted claim. (*See supra*) In *Finjan*, the defendant was limited to six references where four patents and 25 claims were at issue, which averages to 1.5 references per patent and less than one reference per claim. *Id.* Applying the same reasoning to the instant case, where only two independent claims and six dependent claims in two patents are asserted, it is reasonable to limit prior art before *Markman* to between three and 12 references total. A limit of 12 references is at the upper limit of this range.

In addition to the case law, the Model Order provides useful guidelines for District Courts to use in establishing limits on prior art. It contemplates a default limit of twelve prior art references per patent at this stage of the litigation, which is prior to claim construction, but provides for limits lower based on case-specific factors, such as the commonality among asserted patents and the complexity of the patent claims. (*Id.* at fn 1) Here, Defendants assert many of the same prior art references against the asserted claims. For example, Defendants assert 17 common prior art references for the first element of the two asserted independent claims alone. (*See* Invalidity Contentions at 698-99, 714-15.) Not surprisingly, Defendants also assert many common prior art references against the other similar claim elements. (*Id.* at 699-711, 715-727.) This commonality weighs in favor of lowering the default limit. The complexity of the claims also weighs in favor of lowering the default limit. Defendants contend that the asserted claims "do not contain significantly more than the underlying … concept" of allowing individuals to access and manage their medical records and drug prescriptions in a secure and private

manner. (*See* Invalidity Contentions at 32-33.) While MMR disputes this characterization, inventions that are relatively less complex (as Defendants argue) should require fewer prior art references to analyze.

Consideration of these factors, and the other factors listed in the Model Order, warrants a lower limit of twelve references for both patents, prior to *Markman*.[5] Moreover, Defendants are not prejudiced by limiting their prior art references before *Markman*, because the Patent Local Rules provide for amendment of invalidity contentions after "claim construction by the Court different from that proposed by the party seeking amendment." (*See* PLR 3-6(a).)

Following *Markman*, references are generally further limited by one third to one half. (*See supra*, Table 1) Here, a reduction in prior art after *Markman* to six references for the two asserted patents is fair and reasonable. This limit is at or above the post-*Markman* limits set forth in the Model Order (six references), *Finjan* (four references), and *Thought* (nine references for seven patents, or less than two references per patent). *See Id.* These proposed limits actually exceed what is typically imposed.

---

[5] The other factors mentioned in the Model Order, fn 1 also support limiting the prior art to 12 and 6 references pre- and post-*Markman*, respectively. With regard to "the number and diversity of accused products," the fact that Defendants collectively served joint invalidity contentions shows that they view the products to be similar enough for purposes of prior art analysis, and that separate prior art references and analysis for different accused product are not necessary. With regard to "the complexity and number of other issues in the case that will be presented to the judge and/or jury," Defendants collectively assert a total of 29 affirmative defenses that will presumably be presented to the judge or jury, which may add to the complexity and number of other issues in the case. (*See* Defendant's Answer to First Amended Complaint in *Quest*, Dkt 25; Defendants' Answer to Complaint in *WebMD*, Dkt 9; Defendant Empty Jar LLC (f/k/a/ Jardogs LLC)'s Answer to the Second Amended Complaint in *Jardogs*, Dkt 60; and Defendant Allscripts Healthcare Solutions, Inc.'s Answer to the Second Amended Complaint in *Jardogs*, Dkt 68.)

### D. MMR is prejudiced by the assertion of duplicative prior art

MMR is prejudiced by Defendants' refusal to limit their excessive and duplicative prior art references. As noted above, Defendants' assertion of an excessive number of duplicative references serves to "hide the ball" on the prior art references Defendants intend to ultimately pursue. It results in an asymmetric burden on MMR (and the Court), which must waste effort analyzing many superfluous references. (*See* Model Order at 1-2.) Limiting the prior art at this stage is proper, will "reduce the burden on the courts and lower the expense for the parties," and "focus on the true issues [to] improve the quality of the adjudicatory process for all." *Id.* at 2.

It cannot be understated — the number of prior art references versus the number of asserted claims is entirely unbalanced. Both parties are responsible for focusing the litigation and rendering it manageable for claim construction, and ultimately for expert discovery and trial. MMR has already streamlined its case to eight claims, most of which are dependent claims that only add a few elements, which Defendants contend are met by prior art that is already asserted against the two independent claims. Narrowing the number of prior art references is just as important as narrowing the number of asserted claims to achieve manageability in the litigation and reduce unnecessary burden on the parties and the Court. Just as every asserted patent claim requires study, analysis and charting by the attorneys and experts and potentially leads to additional discovery and case management issues, every asserted prior art reference requires the same type of time and energy commitments, if not more. For instance, each prior art reference may implicate additional third-party discovery from the individuals or companies associated with the reference, as well as the need for additional expert discovery and analysis.

Given that MMR has already voluntarily limited the asserted claims from the outset of this litigation, Defendants should also limit the number of asserted prior art references. In this way, both sides share the responsibility of ensuring case

manageability, while at the same time reducing prejudice to the other side, as well as burden on the Court, the parties, and ultimately the jury.

## V. CONCLUSION

For the reasons set forth above, the Court should require Defendants to limit their prior art references to a reasonable number, not exceeding twelve references total before *Markman* and six references total after *Markman*.

Dated: May 20, 2014

LINER LLP

By: */s/ Ryan E. Hatch*
Randall J. Sunshine
Ryan E. Hatch
Attorneys for Plaintiff
MYMEDICALRECORDS, INC.