**O**

# United States District Court
# Central District of California

| | |
|---|---|
| MYMEDICALRECORDS, INC.,<br>                   Plaintiff,<br><br>    v.<br><br>QUEST DIAGNOSTICS, INC.,<br>                   Defendant. | Case No. 2:13-cv-00631-ODW(SHx)-*<br><br>**ORDER RE. TECHNOLOGY TUTORIAL**<br><br>Case No. 2:13-cv-02538-ODW(SHx)<br>Case No. 2:13-cv-03560-ODW (SHx)<br>Case No. 2:13-cv-07285-ODW (SHx) |
| MYMEDICALRECORDS, INC.,<br>                   Plaintiff,<br><br>    v.<br><br>JARDOGS, LLC; ALLSCRIPTS HEALTHCARE SOLUTIONS, INC.,<br><br>                   Defendants. | |
| MYMEDICALRECORDS, INC.,<br>                   Plaintiff,<br><br>    v.<br><br>WEBMD HEATH CORP. et al.,<br><br>                   Defendants. | |

    The technology tutorial in this action is hereby scheduled for **Wednesday, June 18, 2014, at 10 a.m.** The Court expects the parties to meet and confer and, if

possible, to present a joint tutorial not to exceed one hour.  If the parties cannot agree on a joint presentation, then each side will be permitted 30 minutes to present a short summary and explanation of the technology at issue.  The tutorial should provide a neutral, objective overview of the technology, the prior art, and the patents involved. No argument will be permitted.  Visual aids and demonstrative exhibits are strongly encouraged.  The tutorial will be off the record and not subject to transcription.

The parties shall lodge with the Court all materials utilized in the technology tutorial.   The parties are permitted to include as an additional attachment a memorandum—not to exceed five pages—summarizing the materials and tutorial. The parties are encouraged to lodge the materials for the Court's review 7 days prior to the tutorial.

The parties may elect to present the tutorial through counsel, experts, or both. If a party intends to utilize an expert in the technology tutorial, a statement of the expert's qualifications must be submitted as an additional attachment to the lodged materials.

Additionally, the Court has received the parties' Statement of Joint Claim Construction.   (ECF No. 58.)   The parties are reminded of the 10-term limit for construction.   Patent L.R. 4-3(c).   Examination of the joint report reveals many subparts to the nine proffered terms for construction.   This is impermissible.   The presumptive 10-term limit will not be expanded absent good cause.   The parties are reminded that failure to make a good-faith effort to narrow the disputed terms may expose counsel to sanctions.  Patent L.R. 4-7.

Furthermore, the parties are mistaken about what constitutes a proper "claim term" for the Court to construe.  Claim construction is intended to define particular disputed words and phrases appearing in the claim—not colossal chunks of the text of the claim.  (*E.g.*, ECF No. 58 at ¶¶ 4–6, 8.)  Many of the "terms" proffered for construction are large excerpts of the '466 Patent that the parties seemingly made no effort to distill into discrete words or phrases.  This is utterly improper.

Accordingly, the Court **STRIKES** the deficient statement.  (ECF No. 58.)  The parties have until **Thursday, June 5, 2014**, to file an Amended Joint Claim Construction and Prehearing statement.

**IT IS SO ORDERED.**

May 28, 2014

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**