O

United States District Court
Central District of California

| | |
|---|---|
| MYMEDICAL RECORDS, INC.,<br>　　　　　　Plaintiff,<br>　　v.<br>WALGREEN CO.,<br>　　　　　　Defendants. | Case No. 2:13-cv-00631-ODW(SHx)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO LIMIT PRIOR-ART REFERENCES [56]** |

## I.　INTRODUCTION

Plaintiff MyMedicalRecords, Inc., ("MMR") brings this Motion to Limit Prior-Art References because it contends that Defendants Quest Diagnostics Inc., Jardogs, LLC, Allscripts Healthcare Solutions, Inc., and WebMD Health Corp. assert an excessive number of prior-art references against the two independent patent claims asserted in this suit. For the reasons discussed below, the Court **DENIES** Defendant's Motion to Limit Prior-Art References **WITHOUT PREJUDICE**.[1]  (ECF No. 56.)

/ / /

/ / /

---

[1] After carefully considering the papers filed in support of and in opposition to Defendant's Motion to Limit Prior Art References, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II.   FACTUAL BACKGROUND

MMR is the owner of U.S. Patent No. 8,301,466 (the '446 Patent), "Method and System for Providing On-line Records," and U.S. Patent No. 8,498,883 (the '883 Patent), "Method for Providing a User with a Service for Accessing and Collecting Prescriptions." (FAC ¶ 10.) MMR alleges that the Defendants infringe one independent claim per patent—claim 8 of the '466 Patent and claim 1 of the '883 Patent—as well as six dependent claims.

Defendants assert that the two independent claims are anticipated by 34 distinct prior-art references. (Hatch Decl. Ex. C.) Specifically, Defendants assert 27 prior-art references against claim 8 of the '466 Patent and seven prior-art references against claim 1 of the '883 Patent. (*Id.*)

## III.   LEGAL STANDARD

District courts have broad case-management discretion to efficiently administer their patent cases. *See In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011). This discretion includes the ability to limit the number of claims asserted, terms for judicial determination, and prior-art references alleged to invalidate the patent. *See id.*; *see also Stamps.com Inc. v. Endicia, Inc.*, 437 F. App'x 897, 902–03 (Fed. Cir. 2011).

Requiring the limitation of asserted claims—and, it follows, prior-art references—is permissible so long as the court permits assertion of additional claims (or prior art) upon a showing of good cause or need. *See In re Katz*, 639 F.3d at 1310–12; *see also Stamps.com*, 437 Fed. App'x at 902. When the claim or prior-art-reference proponent is "in the best position to narrow the dispute, allocating the production burden to the [proponent] will benefit the decision-making process and therefore will not offend due process unless the burden allocation unfairly prejudices the [proponent's] opportunity to present its claim." *See In re Katz,* 639 F.3d at 1311.

/ / /

/ / /

## IV. DISCUSSION

MMR asserts that, despite its efforts to keep this case manageable for the Court, Defendants have "refused to limit [their] excessive number of prior art references." (Mot. 2.) MMR asserts that the identified references are duplicative and cumulative,[2] and requests that the Court limit the references to 12 references prior to, and six references after, the *Markman* hearing.

Defendants assert that they have indicated their willingness to engage in meaningful discussions about limiting the asserted prior-art references *after* the Court issues its claim-construction order. Defendants believe that because the claim-construction order will likely impact the parties' infringement and invalidity theories, limitation of their asserted prior-art references now would be premature. Defendants also voice concerns of their lack of opportunity to seek discovery regarding the prior art because of the discovery stay currently in place.

The Court agrees with Defendants that limitation of their asserted prior-art references would be premature at this time. The claim-construction hearing is quickly approaching and will certainly influence the parties' infringement and invalidity theories. Moreover, the Court's claim construction may further narrow the issues in this case. It would be inefficient to ask Defendants to limit themselves to what *they* believe are relevant references when the parties will soon have the benefit of the Court's constructions.

The Court is less sympathetic to Defendants' perceived prejudice based on the limited prior-art-related discovery due to the discovery stay in place. Although the discovery process itself may result in the identification of additional, relevant prior art, such discovery is best dealt with in a motion to supplement invalidity contentions. *See, e.g.*, *Fujifilm Corp. v. Motorola Mobility LLC*, Case No. 12-CV-03587-WHO,

---

[2] MMR does not specifically identify the allegedly duplicative or cumulative references, but merely asserts that the "duplicative references are each [sic] every one of the 27 references asserted against claim 8 of the '446 Patent to argue anticipation, and the 7 additional references asserted against claim 1 of the '883 Patent, also to argue anticipation." (Reply 6.)

2014 WL 491745, at *5–6 (N.D. Cal. Feb. 5, 2014) (granting the Defendant's motion to supplement invalidity contentions based upon information developed during discovery); Pat. L.R. 3-6(b).

MMR's claim that it is overly burdened by having to consider each of the 34 prior-art references identified by Defendants prior to *Markman* is unavailing. No substantive response is required by MMR with respect to the identified prior art while discovery is stayed. Throughout this litigation, the Court has endeavored to preserve the parties' resources. The Court will not now burden the parties with the expense of further investigation into Defendants' cited prior art until the issues of the case are better crystalized by claim construction.

The assertion of 27 prior-art references against claim 8 of the '466 Patent is likely cumulative, duplicative, and excessive. But the Court is confident that the parties will be able to work together in good faith to *substantially* narrow the number of asserted claims and prior-art references after their respective positions have been informed by the Court's claim-construction order.

## V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Defendant's Motion to Dismiss **WITHOUT PREJUDICE**. (ECF No. 56.)

**IT IS SO ORDERED.**

June 27, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**